**Robert C. MITCHELL, III,
Plaintiff–Appellant,**

v.

**COUNTY OF CALHOUN, et al.,
Defendants–Appellees.**

No. 01–2253.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2001.

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken-

Before SILER and BATCHELDER, Circuit Judges;  HOOD, District Judge.*

*ORDER*

Robert C. Mitchell III, a Michigan pre-trial detainee, appeals pro se a district court judgment dismissing his civil rights action for failure to demonstrate the exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e(a).  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

Seeking monetary, injunctive, and declaratory relief, Mitchell filed this complaint against Calhoun County, Michigan, its jail, sheriff's department, and numerous employees of those entities.  For reasons that are not apparent, Mitchell listed eighteen other plaintiffs on the caption of the complaint, but only his signature appeared.  Although quite lengthy, the complaint essentially presented claims that Mitchell had been moved from a bunk to a mattress on the floor, and had been ordered to wash the walls in his cell, allegedly based on his race.  Furthermore, he alleged that he had been retaliated against for helping other inmates with legal work by being moved to a different housing unit.  The complaint did not allege that Mitchell had exhausted his administrative remedies.  There were numerous attachments to the complaint, including a few initial grievances of the above incidents.  The district court noted

tucky, sitting by designation.

**474**

that the grievance forms provided for appeals, but that there was no indication that Mitchell had appealed. Accordingly, the district court dismissed the complaint without prejudice.

Rather than refile his complaint with evidence that he had exhausted his administrative remedies, Mitchell filed this appeal. His brief includes attachments purporting to show that he attempted to appeal at least one of his grievances, but his attempts were ignored.

Upon review, we conclude that this complaint was properly dismissed without prejudice, as Mitchell failed to demonstrate that he had exhausted his administrative remedies prior to filing. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Although his brief on appeal contains arguments in favor of finding exhaustion, and includes attachments attempting to demonstrate that he exhausted his administrative remedies, this court addresses the case presented to the district court, not a better case fashioned after judgment has been entered. *See White v. Anchor Motor Freight*, 899 F.2d 555, 559 (6th Cir. 1990). The complaint was dismissed without prejudice; therefore, if Mitchell believes he can demonstrate the exhaustion of administrative remedies, he should refile his complaint, amended to address the exhaustion issue, and with appropriate attachments.

The district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.