**David ZAMBOROSKI, Plaintiff–Appellant,**

v.

**Ron KARR, et al., Defendants–Appellees.**

No. 03–1965.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

David Zamboroski, Baraga, MI, pro se.

Camille Horne, Plunkett & Cooney, Detroit, MI, Gail P. Massad, Cummings, McClorey, Davis & Acho, Livonia, MI, for Defendant–Appellee.

Before SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

*ORDER*

David Zamboroski, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Zamboroski sued several Montmorency

County Jail officials (Karr, Benac, Balle, and Arnold) in their individual and official capacities for violating his rights under the First, Eighth, and Fourteenth Amendments. Zamboroski was incarcerated at the jail for a nine-month period during and after his trial on murder charges. He asserted in his complaint that: 1) the defendants inflicted cruel and unusual punishment by continuously keeping him in restraints, housing him in a holding cell, denying him proper hygiene, and denying him adequate exercise; and 2) the defendants violated his right to free exercise of his religion by refusing to allow him to participate in group worship services. The defendants moved for summary judgment, arguing that any infringement of Zamboroski's rights was justified by his history of violence and the risk he would escape.

After considering the pleadings, a magistrate judge ordered the parties to file documents concerning the jail's grievance policy and proof of exhaustion. The defendants submitted a copy of the policy in compliance with the order, and Zamboroski referred the court back to his complaint in which he alleged that the defendants had denied his requests for grievance forms and that he had then written to the Michigan Attorney General. The magistrate judge recommended dismissing the action on the basis that a functional grievance procedure was available, but Zamboroski had not utilized it. Over Zamboroski's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the action for lack of exhaustion pursuant to 42 U.S.C. § 1997e.

In his timely appeal, Zamboroski argues that the district court erred by dismissing the action for lack of exhaustion because the defendants had denied him grievance forms and had failed to raise exhaustion as an affirmative defense.

Upon de novo review, we conclude that the district court's judgment must be affirmed. *See Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). The district court properly dismissed the action for lack of exhaustion despite the defendants' failure to raise exhaustion as a defense. The Prison Litigation Reform Act of 1995 requires prisoners and pre-trial detainees to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Mitchell v. County of Calhoun,* 24 Fed.Appx. 473 (6th Cir.2001) (requiring pre-trial detainee to exhaust remedies). The exhaustion requirement is not waived when the defendants fail to raise it. In *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998), this court explicitly stated that "[d]istrict courts should enforce the exhaustion requirement sua sponte if not raised by the defendant."

Based on the documents submitted by the parties, the district court properly concluded that administrative remedies were available at the jail and that Zamboroski had not exhausted them before filing suit. Zamboroski's letter to the Attorney General, sent almost fifteen months after Zamboroski's transfer out of the jail to state prison, did not mention any denial of grievance forms. Furthermore, the jail had an official grievance procedure, and the jail log showed that the defendants generally distributed grievance forms upon request and made a note when they did not. The jail log did not list any request for a grievance form by Zamboroski, but did list the opportunities the defendants provided for Zamboroski to obtain a lawyer, telephone his lawyer and others, and speak with jail officials. Had Zamboroski been denied grievance forms, he could have

raised the matter with his attorney. Zamboroski does not allege that he did so.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Moore, Circuit Judge, filed a dissenting opinion.