Todd Edward EDMONDS,
Plaintiff–Appellant,

v.

Michael HORTON, Chief of Corrections, et al., Defendants–Appellees.

No. 03–6031.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2004.

Todd Edward Edmonds, Jefferson County Corrections, Louisville, KY, for Plaintiff–Appellant.

Suzanne D. Cordery, Jefferson County Attorney's Office, Andrew N. Clooney, O'Bryan, Brown & Toner, Louisville, KY, for Defendants–Appellees.

Before: GUY and SUTTON, Circuit Judges; and CARR, District Judge.*

## ORDER

Todd Edward Edmonds, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint filed May 13, 2002, Edmonds sued thirteen Jefferson County Jail officials in their individual capacities for violating his rights under the First, Fifth, Eighth, and Fourteenth Amendments. Edmonds was a pre-trial detainee at the time of his complaint. The district court sua sponte dismissed nine defendants for failure to state a claim, but ordered the case to proceed as to Deputy Chief of Corrections Joe Payne, Dr. Lawrence Mudd, Captain Murrell, and Officer Williams. Officer Williams was thereafter dismissed for lack of timely service, and Captain Murrell was dismissed because he had died and no motion for substitution was filed. As to Payne, Edmonds asserted that Payne had failed to protect him because Payne did not take adequate action after being informed of Edmonds's mental health needs. As to Dr. Mudd, Edmonds asserted that Dr. Mudd had exhibited de- liberate indifference to his psychiatric needs by failing to provide any medication or treatment. After considering the responsive pleadings, the district court concluded that the claims lacked merit and granted the defendants' motions for summary judgment. The district court further noted that Edmonds had failed to exhaust his claim against Payne. Edmonds moved for clarification pursuant to Fed.R.Civ.P. 59(e), arguing that the district court had failed to rule on his motion for leave to supplement his complaint. The district court then denied the motion to supplement and denied the Rule 59(e) motion to the extent that Edmonds sought revisions to the order granting summary judgment.

In his timely appeal, Edmonds essentially reasserts his claims against Payne and Dr. Mudd and argues that the district court erred by denying his motion to supplement. Edmonds also attacks the adequacy of the grievance procedure and argues that Payne failed to ensure that he was treated for a liver ailment. Edmonds moves for miscellaneous relief.

As a preliminary matter, we decline to review the claims against the eleven defendants dismissed prior to summary judgment because Edmonds does not reassert the claims on appeal. Issues raised in the district court but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996).

Likewise, we decline to consider Edmonds's new claims on appeal. This court normally will not address an issue not first raised in the district court unless exceptional circumstances are present. *Ener-*

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

*tech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist in this case.

Upon de novo review, we conclude that the district court properly granted summary judgment in favor of Payne and Dr. Mudd. *See* Fed.R.Civ.P. 56(c); *DiCarlo v. Potter,* 358 F.3d 408, 414 (6th Cir.2004).

■ The district court properly concluded that Edmonds had failed to exhaust his administrative remedies as to his claim against Payne despite a grievance filed on May 3, 2002. The Prison Litigation Reform Act of 1995 requires prisoners and pre-trial detainees to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Mitchell v. County of Calhoun,* 24 Fed.Appx. 473 (6th Cir. 2001) (requiring pre-trial detainee to exhaust remedies); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997).

Based on the documents submitted by the parties, the district court properly concluded that administrative remedies were available at the jail and that Edmonds had not exhausted them before filing suit. Edmonds's grievance dated May 3, 2002, did not pertain to Payne, but primarily concerned the use of force by other prison officials to get a razor blade out of Edmonds's mouth that day. Payne was not listed as a participant and was not mentioned in the grievance until the last sentence which read, "I would also like to have medication for my depression and stress problem in which my [lawyer] had ask for in his letter to Joe Payne." The response indicated that Edmonds should talk to the mental health staff about treatment for his depression. Edmonds did not pursue his grievance further despite the existence of a three-step grievance procedure established by the Jefferson County Department of Corrections. This procedure was summarized in the Inmate Handbook given to each new inmate. Edmonds did not deny that he had received a copy.

■ The district court properly granted Dr. Mudd's summary judgment motion. Edmonds asserted that Dr. Mudd had exhibited deliberate indifference to his psychiatric needs by failing to provide any medication or treatment. Edmonds argued in his complaint that he had serious mental problems and was suicidal, as evidenced by a competency evaluation report conducted at the Kentucky Correctional Psychiatric Center ("KCPC") and by his attempt to swallow a razor blade on May 3, 2002. In the competency report, a psychiatrist stated, "Mr. Edmonds' personality problems are severe and continuing.... Further, Mr. Edmonds' personality difficulties and reported history suggest that he is at considerably elevated risk for angry or impulsive suicide attempts or gestures."

The Fourteenth Amendment affords pretrial detainees a due process right that is analogous to the Eighth Amendment rights of prisoners. *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Watkins v. City of Battle Creek,* 273 F.3d 682, 685–86 (6th Cir.2001). A prison official exhibits deliberate indifference in violation of the Eighth Amendment by, inter alia, intentionally denying or delaying access to medical care for serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "A detainee's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660–61 (6th Cir.1994). If a prisoner has shown a strong likelihood that he

would attempt to take his own life, a prison official's failure to take adequate precautions amounts to deliberate indifference. *Barber v. City of Salem, Ohio,* 953 F.2d 232, 239–40 (6th Cir.1992).

Review of the record shows that Dr. Mudd took adequate precautions and did not act with deliberate indifference. Dr. Mudd first met with Edmonds on October 1, 2001, after Edmonds had returned to the jail from being hospitalized for swallowing a razor blade. No medications were prescribed because Dr. Mudd felt that Edmonds was not psychotic, but Edmonds was nonetheless placed on permanent segregation. When Edmonds told Dr. Mudd on October 4, 2001, that he had swallowed a razor blade, Edmonds was transferred to single cell observation. Following the evaluation of Edmonds by KCPC in November 2001, Edmonds was monitored closely by the jail's mental health nurses, the mental health director, staff psychologists, and correctional officers. When necessary, Edmonds was placed under more scrupulous levels of observation with additional restrictions on his access to personal property. Dr. Mudd's decision not to place Edmonds on psychiatric medications will not be second guessed by this court. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

■ Finally, the district court did not abuse its discretion by denying Edmonds's motion for leave to supplement his complaint. *See Spies v. Voinovich,* 48 Fed. Appx. 520, 527 (6th Cir.2002); *McHenry v. Ford Motor Co.,* 269 F.2d 18, 24 (6th Cir. 1959); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (discussing leave to amend a complaint under Rule 15(a)). The motion to supplement was filed more than a year after the incident alleged in the motion and Edmonds failed to explain the delay. Although he alleged that the delay was due to retaliation, harassment, withheld mail, shake downs, photocopying delays, and housing conditions, Edmonds did not describe these events with specificity and Edmonds was able to file numerous other court documents during this period. Furthermore, the supplement would have been futile as Edmonds did not exhaust his administrative remedies as to his proposed claim.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.